UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE T. JOHNSON,

    Plaintiff,

v.                                                  CASE NO. 8:07-CV-1296-T-30TBM

RICHARD JOYNER,

    Defendant.
_____/

## **O R D E R**

Before the Court is Plaintiff's civil rights complaint filed pursuant to 28 U.S.C. §1983 (Dkt. 1). The complaint names Richard Joyner, a lawyer, as Defendant. With his complaint, Plaintiff filed an Affidavit of Insolvency in which he requests to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 (Dkt. 2).

Title 28 U.S.C. §1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or
> (B) the action or appeal-- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by §1915(e)(2) is a screening process, to be applied by the Court *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. §1915(e)(2).

In his complaint, Plaintiff asserts that on January 24, 2005, Defendant appeared in court on behalf of Plaintiff, and he also demanded discovery from the State Attorney's office which he received at some unspecified time.  Subsequently, Defendant accused Plaintiff of taking Plaintiff's case file from his office, and on March 28, 2005, he filed a motion to withdraw from representation of Plaintiff.  According to Plaintiff, on May 31, 2005, the State Attorney's office informed the Public Defender's office that the discovery material had been previously sent to Defendant, and, thereafter, the Public Defender was unable to obtain the discovery material and had to proceed to trial without it.  Plaintiff asserts that he never obtained Defendant to represent him, and he was prejudiced by Defendant's actions because Plaintiff went to trial without the discovery material that was provided to Defendant.

In any §1983 action, the initial inquiry must focus on whether the two essential elements to a §1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  In addition, to establish liability under 42 U.S.C. § 1983, Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation.  *See Swint v. City of Wadley, Alabama*, 51 F.3d 988, 999 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994) (Kravitch, J., concurring).  Based on Plaintiff's statements

regarding the nature of his claim against the Defendant, the Court finds that Plaintiff has failed to make the threshold showing required to proceed with a §1983 claim.

"To satisfy section 1983's 'under color of [state law]' requirement, a plaintiff must demonstrate that 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 984 F.2d 401, 403 (11th Cir. 1993); *quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Plaintiff does not allege or demonstrate that Defendant is a "state actor" or that the alleged deprivation took place under color of state law as required by §1983.

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). The Court cannot, however, proceed with a cause of action under §1983 where the named Defendant is not a state actor.

While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to the plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under §1983. Plaintiff has failed to carry that burden, and the Court concludes that no relief could be granted against this defendant under any set of facts that could be proved consistent with the allegation made by Plaintiff in his complaint. *See Hishon v. King*

*& Spalding*, 467 U.S. 69, 73 (1984).

**ACCORDINGLY**, it is **ORDERED** that:

1. Plaintiff's civil rights complaint is **DISMISSED** for failure to state a claim for which the Court can grant relief. (Dkt. 1).

2. The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 26, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Plaintiff *pro se*